UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JERMC LTD., et al.,**

    **Plaintiffs,**

v.                                                             Case No. 8:20-cv-2215-T-60AAS

**TOWN OF REDINGTON SHORES,**
et al.,

    **Defendants.**
_____/

**ORDER**

      Defendants Town Building Official Steven Andrews, Town Building Inspector Joseph Walker, Vice-Mayor Thomas Kapper, and Commissioner Jeffery Neal (collectively, the defendants) move for an emergency protective order for four depositions beginning tomorrow, December 17th. (Doc. 33). Plaintiffs JERMC Ltd. and JERMC Management Corp. (collectively, the plaintiffs) move to compel attendance at the scheduled depositions. (Doc. 25).

      The defendants also request a protective order for other discovery propounded by the plaintiffs or entry of a case management and scheduling order. (Doc. 27). The defendants further request that the court conduct a pretrial conference to resolve disagreements over the case management report to facilitate entry of a case management and scheduling order. (Doc. 26).

1

Typically, filing a last-minute motion for protective order does not discharge a deponent from appearing for his deposition. The Discovery Rules Handbook of this District provide that "the mere filing of a motion for protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the discovery requested or scheduled." *See* M.D. Fla. Discovery Practices Handbook, VII. B. Here, however, the parties have not submitted a case management report, the court has not entered a case management and scheduling order, and the plaintiffs' insistence on immediate discovery is premature. The court will conduct a case management conference to help the parties complete their case management report and address discovery issues. If necessary, the court will schedule a follow-up discovery conference at that time.

Finally, at first appearance, these motions and the fabricated urgency of discovery appear to stem from the parties' inability (or at least unwillingness) to work together in a productive manner. The court reminds the parties that discovery in the Middle District should be conducted in the spirit of cooperation and civility. *See Martin v. Nw. Mutual Life Ins. Co.*, No. 8:04-CV-2328-T-23MAP, 2006 WL 148991, *1 (M.D. Fla. Jan. 19, 2006); *see also* M.D. Fla. Discovery Practices Handbook, I. A.

Accordingly, it is **ORDERED** that

(1)     The plaintiffs' motion to compel attendance at the scheduled depositions (Doc. 25) is **DENIED without prejudice**. The plaintiff may reschedule the subject depositions after entry of a case management and scheduling order, if appropriate.

(2) The defendants' motions for protective order (Docs. 33, 27) are **GRANTED in part and DENIED in part.** The motions are granted only to the extent that discovery is stayed pending a case management conference with the court and subsequent entry of a case management and scheduling order. Otherwise, the motions are denied.

(3) The defendants' motion for a pretrial conference (Doc. 26) is **GRANTED**. The court will contact the parties with available dates and times and schedule the pretrial conference under separate order. In that order, the parties will be directed to confer in good faith about scheduling and discovery issues and file a joint notice outlining the remaining issues to be addressed at the pretrial conference.

**ENTERED** in Tampa, Florida on December 16, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge