## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JERMC LTD, et al.,

      Plaintiffs,

v.                          Case No. 8:20-cv-2215-TPB-AAS

TOWN OF REDINGTON
SHORES, et al.,

      Defendants.

_____/

### ORDER GRANTING "TOWN OF REDINGTON SHORES' AMENDED DISPOSITIVE MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT IV OF PLAINTIFFS' AMENDED COMPLAINT"

This matter is before the Court on "Town of Redington Shores' Amended Dispositive Motion for Judgment on the Pleadings as to Count IV of Plaintiffs' Amended Complaint and Incorporated Memorandum of Law," filed on January 19, 2021. (Doc. 52). On February 16, 2021, Plaintiffs filed a response in opposition to the motion. (Doc. 71). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background

Plaintiffs are entities associated with the premises known as the Redington Long Pier ("Pier").[1] Defendant Town of Redington Shores ("Town" or "Redington Shores") is a municipal corporation located in Pinellas County, and the individual

_____

[1] According to the allegations of the amended complaint, JERMC LTD. owns the premises, while JERMC Management manages and operates the Pier. JERMC Management is the general partner of JERMC LTD., with ownership interests.

Defendants are all former or current employees of Redington Shores. According to Plaintiffs, Defendants have engaged in a conspiracy against Plaintiffs where they have maliciously engaged in, among other things, unlawful and selective code enforcement, extortion of permit fees, pursuance of bad faith litigation for personal and pecuniary gain, conspiracy to commit an unlawful taking of the Plaintiffs' properties, interference with Plaintiffs' contractual and business relationships, and the willful and wanton violation of Plaintiffs' constitutional rights.

The Court previously dismissed Plaintiffs' federal claims with prejudice and declined to exercise jurisdiction over the state law claims. *See JERMC LTD v. Town of Redington Shores*, No. 8:19-cv-688-T-60AAS, 2020 WL 4227429, at *8-9 (M.D. Fla. July 23, 2020). However, Plaintiffs filed an amended complaint in state court that added a new federal law claim (Count V – Federal Civil RICO), and the case was removed again. The operative amended complaint consists of 383 paragraphs and 5 separate causes of action. (Doc. 1-4).

## Legal Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Accordingly, a court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). The court must also consider the answer and any documents attached

as exhibits. *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham*, 592 F.3d at 1255 (internal quotation omitted).

## Analysis

In Count IV, Plaintiffs allege that Defendant Town of Redington Shores negligently hired and retained Joseph Walker, who they allege conducted thousands of unlicensed inspections in violation of Chapter 468, *F.S.*, including the inspection at the Pier that resulted in a code enforcement lien.

### *Negligent Hiring*

Under Florida law, "negligent hiring claims impose liability based upon an employer's duty to exercise reasonable care to control his servant while acting <u>outside</u> the course and scope of employment." *Burchett v. Bibbs*, No. 5:01-cv-368-Oc-10GRJ, 2003 WL 27381587, at *2 (M.D. Fla. Apr. 24, 2003). To plead and prove a claim of negligent hiring, a plaintiff must establish:

> (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known.

*Holder v. Anderson,* No. 3:16-cv-1307-J-39JBT, 2017 WL 10402575, at *2 (M.D. Fla. June 1, 2017) (quoting *Malicki v. Doe*, 814 So. 2d 347, 362 (Fla. 2002)).

In this case, Plaintiffs do not allege that Walker was acting outside the course and scope of employment or put forth any facts to support such a position. Plaintiffs also do not sufficiently allege that the breach of duty here – the hiring of an unlicensed inspector – caused their purported injury.  As such, the motion is due to be granted as to the negligent hiring claim in Count IV.

### Negligent Retention

Negligent retention occurs when, "during the course of employment, the employer [became] aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fail[ed] to take further action such as investigating, discharge, or reassignment." *Groover v. Polk County Bd. Of Cty. Comm'rs,* No. 8:18-cv-2454-T-02TGW, 2020 WL 2307558, at *5 (M.D. Fla. May 8, 2020) (citing *Degitz v. S. Mgmt. Servs., Inc.*, 996 F. Supp. 1451, 1461 (M.D. Fla. 1998)).  "A person injured by a government actor in the course of enforcing the laws for the general protection of the public ordinarily has no claim, because the actor owes no actionable common-law duty of care to the general public." *Vaden v. Campbell,* No. 4:09cv12-RH/WCS, 2009 WL 1919474, at *3 (N.D. Fla. July 2, 2009).  Rather, an individual injured by a government actor only has a claim "if the government actor owes the person a special duty of care." *Id*.  Some courts have recognized that a special duty of care may arise when a government actor become*s* directly involved in circumstances that place people within a foreseeable zone of risk.  *Id.*

Here, Plaintiffs do not sufficiently allege the existence of a recognized special duty of care. They allege the existence of a general duty of care to enforce the licensure requirements of the building code and a duty to ensure that inspectors are properly licensed.  But a duty of care to the general public cannot support a negligent supervision claim.  Although Plaintiffs try to plead a special duty of care by asserting that they were placed in a foreseeable zone of risk due to Walker's conduct, their allegations are insufficient to state a negligent retention claim. Cases addressing foreseeable zones of risk primarily deal with persons in custody or detention, neither of which occurred in this case.  At least one state court has found the existence of a special duty of care where a building inspector made knowingly false statements and assurances about required building elevations levels.  *See Storm v. Town of Ponce Inlet*, 866 So. 2d 713, 717-18 (Fla. 5th DCA 2004).  However, Plaintiffs do not allege any false statements or assurances made by Walker other than his lack of appropriate licensure.  Plaintiffs also do not sufficiently allege that the breach of duty in this claim – the retention of an unlicensed inspector – caused their purported injury.[2]

Moreover, the injury must be based on an injury resulting from a common-law tort recognized in Florida.  *See, e.g., Wheeler v. Blackbear Two, LLC*, No. 6:12-cv-583-Orl-37TBS, 2012 WL 3596128, at *2 (M.D. Fla. Aug. 21, 2012); *Jones v. Spherion Atl. Enter.*, LLC, No. 6:10-cv-833-Orl-31GJK, 2010 WL 11626722, at *4

---

[2] Plaintiffs make much of the fact that Walker was unlicensed and ultimately fired by the Town due to the licensing issue.  While the Town's decision to employ an unlicensed inspector may have been wrong, the mere fact that the Town made this mistake does not give rise to a cause of action if the Town's mistake did not damage Plaintiffs.

(M.D. Fla. Sept. 29, 2010); *Gutman v. Quest Diagnostics Clinical Lab., Inc.,* 707 F. Supp. 2d 1327, 1331-32 (S.D. Fla. 2010); *Atmore v. City of Lake Wales*, No. 8:08-cv-2320-T-27EAJ, 2009 WL 10670908, at *3 (M.D. Fla. Dec. 1, 2009); *Hernandez v. Manatee County*, No. 8:05-cv-1434-T-30EAJ, 2006 WL 8440095, at *1 (M.D. Fla. Oct. 23, 2006); *Freese v. Wuesthoff Health Sys., Inc.*, No. 6:06-cv-175-Orl-31JGG, 2006 WL 1382111, at *8 (M.D. Fla. May 19, 2006); *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1248 (M.D. Fla. 1999).  In this case, Plaintiffs have failed to allege that Walker committed any common-law tort against them.  Instead, Plaintiffs only appear to allege that Walker violated Florida law by conducting inspections without the appropriate license.  As a result, the motion is due to be granted as to the negligent retention claim in Count IV.

### Sovereign Immunity

The Town argues that it is entitled to sovereign immunity as a matter of law on Plaintiffs' negligent retention claim.  However, there is not necessarily a sovereign immunity bar to stating a claim against a governmental entity for negligent retention.  *See, e.g., Doe v. Mann*, No. 6:05-cv-259-Orl-31DAB, 2006 WL 3060036, at *5 (M.D. Fla. Oct. 26, 2006) (citing *Slonin v. City of West Palm Beach*, 896 So.2d 882 (Fla. 4th DCA 2005)).  In this case, there appears to be a dispute as to whether the decision to retain Walker was discretionary or operational.  The Court is unable to determine, based on the record before it at this time, whether sovereign immunity is applicable.  As such, the motion is denied as to this ground.

***Leave to Amend***

Although the Court concludes that Count IV, as presently pleaded, is facially insufficient, the Court disagrees that dismissal with prejudice is warranted at this time.  Leave to amend should be freely granted, and Defendants have not convinced the Court that amendment would be futile.  Although there are clearly pleading defects, it cannot be said at this juncture that Plaintiffs can prove no set of facts to support their claims.  *See Pinto v. Microsoft Corp.*, No. 12-60509-CIV, 2012 WL 4479059, at *3-4 (S.D. Fla. Sept. 28, 2012).   Furthermore, Defendants will not be prejudiced if the Court grants leave to amend at this stage of the proceedings.  As such, the Court will grant the motion for judgment on the pleadings as to Count IV, but it will also grant Plaintiffs leave to file an amended complaint to correct the deficiencies of Count IV, if they may do so in good faith.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Town of Redington Shores' Amended Dispositive Motion for Judgment on the Pleadings as to Count IV of Plaintiffs' Amended Complaint and Incorporated Memorandum of Law" (Doc. 52) is **GRANTED IN PART** and **DENIED IN PART**.

2) The motion is **GRANTED** to the extent that the Court finds Defendants are entitled to judgment on the pleadings as to Count IV due to pleading deficiencies.

3) The motion is otherwise **DENIED**.

4) Plaintiffs may file an amended complaint on or before March 4, 2021, if they may do so in good faith.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of February, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**